# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 15-1332V
(not to be published)

| | |
|---|---|
| * * * * * * * * * * * * * * * * * * * * * * * <br> * <br> ANDREW FANTINI, * <br> * <br> Petitioner, * <br> v. * <br> * <br> SECRETARY OF HEALTH * <br> AND HUMAN SERVICES, * <br> * <br> Respondent. * <br> * <br> * * * * * * * * * * * * * * * * * * * * * * * | Chief Special Master Corcoran <br><br> Filed: January 26, 2023 |

*Leah V. Durant*, Law Offices of Leah V. Durant, PLLC, Washington, DC, for Petitioner.

*Alexis B. Babcock,* U.S. Department of Justice, Washington, DC, for Respondent.

### **DECISION GRANTING ATTORNEY'S FEES AND COSTS**[1]

On November 5, 2015, Andrew Fantini filed a petition for compensation under the National Vaccine and Injury Compensation Program (the "Vaccine Program").[2] (ECF No. 1) ("Pet."). Petitioner alleged that he experienced a small fiber neuropathy ("SFN") and tinnitus due to receipt of an influenza ("flu") vaccine administered on October 11, 2012, and/or meningitis, polio, and rabies vaccines administered to him on November 7, 2012. Pet. at 1. After the parties briefed the matter via ruling on the record, I denied entitlement in May 2022 (ECF No. 94), and no appeal was taken thereafter.

---

[1] Although I have not formally designated this Decision for publication, it will nevertheless be posted on the United States Court of Federal Claims website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 (2012). As provided by 42 U.S.C. § 300aa-12(d)(4)(B), however, the parties may object to the Decision's inclusion of certain kinds of confidential information. Specifically, under Vaccine Rule 18(b), each party has fourteen days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public. *Id*.

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) [hereinafter "Vaccine Act" or "the Act"]. Individual section references hereafter will be to Section 300aa of the Act (but will omit the statutory prefix).

Petitioner has now filed a motion for a final award of attorney's fees and costs (the only fees request made in the life of the matter). Motion, dated December 29, 2022 (ECF No. 99) ("Final Fees Mot."). Petitioner requests a total of $105,071.66, reflecting $85,247.20 in fees incurred for the services of Leah Durant, her partners, associates, and paralegals, plus $19,824.46 in costs, from the time of the claim's initiation to the present date. Final Fees Mot. at 1. Respondent reacted to the final fees request on December 30, 2022. Response, dated December 30, 2022 (ECF No. 100) ("Response"). Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Response at 2–3.

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$105,071.66**.

## ANALYSIS

### I.  Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees must still be shown to be reasonable, and special masters may limit or deny them entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

2

expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v. Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner was ultimately unsuccessful, I find there was sufficient objective basis for the claim to justify a fees and costs award. Even though I did not determine that the Petitioner likely had experienced SFN, he was able to offer objective proof supporting this as the injury, pointing to treater determinations. And the expert opinions offered to support the claim were not without any utility or scientific basis. Accordingly (and because I have identified no other grounds for denying fees), a final award of fees and costs in this matter is appropriate.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bases the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis* exception"). *Avera*, 515 F.3d at 1348

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

3

(citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for his attorneys, based on the years work was performed:

|  | 2015 | 2016 | 2017 | 2018 | 2019 | 2020 | 2021 | 2022 |
|---|---|---|---|---|---|---|---|---|
| **Leah Durant (Attorney)** | $350.00 | $350.00 | $365.00 | $377.00 | $380.00 | $395.00 | $420.00 | $441.00 |
| **Summer Abel (Attorney)** | -- | -- | -- | -- | -- | $260.00 | -- | -- |
| **Michael Milmoe (Attorney)** | -- | -- | -- | -- | -- | $484.00 | $509.00 | -- |
| **Richard Armada (Attorney)** | -- | -- | -- | -- | -- | -- | $400.00 | -- |
| **Christopher Williams (Attorney)** | -- | -- | -- | -- | -- | -- | $325.00 | -- |
| **Paralegal** | $140.00 | $140.00 | $145.00 | $150.00 | $150.00 | $160.00 | $165.00 | $173.00 |

ECF No. 99-1 at 1–22.

Ms. Durant and her partners and associates (who practice in Washington, D.C.) are (literally) "in forum," and are therefore entitled to the rates established in *McCulloch*. *See Dillenbeck v. Sec'y of Health & Hum. Servs.*, No. 17-428V, 2021 WL 777166 at *2 (Fed. Cl. Spec. Mstr. Jan. 25, 2021). The rates requested for all relevant attorneys (as well as the paralegal work performed in this case) are also consistent with what has previously been awarded in accordance with the Office of Special Masters' fee schedule.[5] *Nichols v. Sec'y of Health & Hum. Servs.*, No. 17-1861V, 2021 WL 1235672, at *2 (Fed. Cl. Spec. Mstr. Mar. 10, 2021). I thus find no cause to reduce them in this instance. And I deem the time devoted to the matter over its seven-plus year life to be reasonable. I will therefore award all fees requested without adjustment.

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedules, https://www.uscfc.uscourts.gov/node/2914 (last visited January 24, 2023).

### III.     Calculation of Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002); *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No.10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

Petitioner seeks $19,824.46 in outstanding costs, including the filing fee, mailing costs, medical record retrieval costs, and costs associated with the work of four experts—Catherine Shaer, M.D., Thomas Morgan, M.D., Anne Oaklander, M.D., Ph.D., and Marcel Kinsbourne, M.D. ECF No. 99-2 at 2. Dr. Shaer reviewed Petitioner's medical records but authored no expert report in support of Petitioner's claim. She submitted an invoice for a total of $2,200.00 (at an hourly rate of $250.00 for 8.8 hours of work). *Id*. at 5, 11, 16. Dr. Morgan also reviewed Petitioner's medical records and consulted with Ms. Durant on the matter. He submitted an invoice for a total of $1,200.00 (at an hourly rate of $400.00 for 3 hours of work). *Id*. at 10. The requested costs for these two experts are consistent with what other medical experts received to review documents, and I will therefore award the amount requested. *See, e.g.*, *Topham v. Sec'y & Health & Hum. Servs.*, No. 19-1072V, 2022 WL 226053 (Fed. Cl. Spec. Mstr. Jan. 11, 2022) (awarding Dr. Shaer a rate of $250.00 per hour); *Roberts v. Sec'y of Health & Hum. Servs.*, No. 18-725V, 2022 WL 9931076 (Fed. Cl. Spec. Mstr. Sept. 19, 2022) (awarding Dr. Morgan a rate of $400.00 per hour).

Dr. Oaklander not only reviewed Petitioner's medical records but authored one expert report. She submitted an invoice for a total of $1,512.50 (at an hourly rate of $550.00 for 2.75 hours of work). ECF No. 99-2 at 17. Dr. Kinsbourne also reviewed Petitioner's medical records and relevant medical literature and authored one expert report. He submitted an invoice for a total of $14,100.00 (at an hourly rate of $500.00 for 28.2 hours of work). *Id*. at 22–24. The total amount for their services was reasonable for the work performed, and thus I do not find any reason to make any reductions. In addition, the other costs sought are typical in the Vaccine Program and are thus eligible for reimbursement and I do not find any of the requested costs in this matter unreasonable.

### CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs in its entirety and award a total of **$105,071.66** reflecting $85,247.20 in attorney's fees and

$19,824.46 in costs in the form of a check made jointly payable to Petitioner and his attorney Ms. Leah Durant.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[6]

**IT IS SO ORDERED.**

s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.